IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PETUAL N. BROUSSARD,          §
                             §
              Plaintiff,      §
                             §
VS.                           §   CIVIL ACTION H-11-1874
                             §
PNC BANK, N.A.,               §
                             §
              Defendant.      §

## OPINION AND ORDER

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction, 28 U.S.C. § 1332, and seeking damages and injunctive relief against Defendant PNC Bank, N.A. ("PNC") for actions by National City Mortgage ("National") as the original holder of a mortgage note,[1] secured by a deed of trust, for a property located at 5636 Community Drive, Houston, Texas, for breach of contract, violation of the Texas Property Code and the Texas Fair Debt Collection Practices Act ("TDCPA"),[2] and wrongful foreclosure, is PNC's motion to dismiss pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6)(instrument #12).  Although the Court gave notice to Plaintiff Petual N. Broussard that she was now proceeding *pro se* and that the deadline for responding to the motion to dismiss was

---

[1] Plaintiff alleges that National City Mortgage is a division of its predecessor by merger, National City Bank, N.A.

[2] The TDCPA, Tex. Fin. Code § 392.001, *et seq.*

-1-

May 31, 2012 (#14), Plaintiff has failed to file a response, although she has notified the court of a change in her address (#17).

After reviewing the motion and the applicable law, the Court concludes that the motion should be granted, but that Plaintiff should be given an opportunity to amend to assert some of her claims.

### Original Petition's Allegations (#1-1)

Plaintiff alleges that on or about May 2, 2007 she entered into a written contract with National to purchase the real property at 5636 Community Drive, Houston, Texas for $700,000.00.  Under the contract, Plaintiff was to pay $4,7775.24 per month, including principal, interest, estimated taxes, and insurance.  She claims that in lieu of the monthly payment, on or about December 1, 2008, Plaintiff and National entered into a loan modification agreement with PNC, the mortgage servicer, creating a specialty loan with a different set of terms, interest rate, and monthly payment of $2916.67.  Plaintiff maintains that she performed all payments under the terms and conditions of the note, including redirecting her payments to PNC after the loan modification agreement was executed.

In July 2010 Plaintiff experienced changes in her employment and income.  She contacted PNC to investigate loan workout options.  Because she was not delinquent in her mortgage payments,

representatives advised her that she could not be considered for any loan workout options unless she was at least sixty days delinquent.  On or around November 3, 2010, apparently not for the first time, PNC sent her correspondence about a workout option to avoid foreclosure, urging her to consider a short sale (sell her house within fourteen days for less than the amount still owed on the mortgage loan, in return for PNC's agreement not to pursue her for the shortfall and for payment of 1% cash back to her after the house is sold) (Ex. A).   On receipt of the notice, Plaintiff contested the amount of the alleged delinquency and requested a full accounting of her loan history with National and PNC. Nevertheless she claims that she continued to "experience dilatory and repetitive tactics by in her efforts to resolve this matter [*sic*]."   Plaintiff later retained counsel, who reviewed the loan documents and correspondence and forwarded a Qualified Written Request ("QWR") pursuant to 12 U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act ("RESPA").[3]   Ex. B.   Plaintiff also

---

[3] RESPA mandates that a loan servicer must respond by set deadlines to a QWR from a borrower.  12 U.S.C. § 2605(e).  A QWR is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer" that identifies or provides information that makes identifiable by the servicer the name and account at issue and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the service regarding other information sought by the borrower."  12 U.S.C. § 2606(e)(1)(B).  The QWR must relate to the servicing of the loan.  12 U.S.C. § 2605(e)(1).  "Servicing" includes "any schedule periodic payments from a borrower" or the "making of . . . payments of principal and interest."  12 U.S.C.

pursued the short sale option by retaining Intergy Realty Services LLC, a short sale service company, to assist her in the negotiations.   Nevertheless Plaintiff claims that without the proper notice required by the Texas Property Code, a foreclosure notice was forwarded and posted on the house for a  foreclosure sale on Tuesday, March 1, 2011.

Plaintiff then filed this suit, alleging that PNC breached its duty of good faith and fair dealing, a covenant implied in the mortgage note and deed of trust, by its dilatory tactics in reconciling her payment history and escrow charges, and in failing to adhere to the terms of their contract to stop all debt collection efforts, including foreclosure, until her challenge to

---

§ 2605(i).  Within sixty days of receiving a QWR, the loan servicer must (a) make appropriate corrections in the borrower's account; (b) provide the borrower with a written explanation of why the account is correct and who the borrower may contact for further assistance; or (c) provide the borrower with the information requested, or a written explanation of why the information is unavailable or cannot be obtained by the servicer and whom the borrower may contact for further assistance.   12 U.S.C. § 2605(e)(2)(A)-(C).   To recover for a claim under RESPA. the borrower must show actual damages resulted from the violation of the statute to pursue a private cause of action under it.  12 U.S.C. § 2605(f).   Section 2605, in addition, requires that the borrower be informed when a loan is transferred from one servicer to another.  12 U.S.C. §2605(i).  *See, e.g., Akintunji v. Chase Home Finance, LLC*, Civ. A. No. H-11-389, 2011 WL 2470709, *2 (S.D. Tex. June 20, 2011); *Gibson v. Federal Home Loan Mortg. Corp.*, Civ. A. No. H-12-0662, 2011 WL 1898886, *2 (S.D. Tex. May 23, 2012); *Oden v. JPMorgan Chase Bank, N.A.*, Civ. A. No. H-12-0861, 2012 WL 1610782, *2 (S.D. Tex, May 8, 2012); *VanHauen v. American Home Mortgage Servicing, Inc.*, No. 4:11-CV-461, 2012 WL 874330, *7 (E.D. Tex. Feb. 17, 2012), *report and recommendation adopted*, 2012 WL 874328 (E.D. Tex. Mar. 14, 2012).

the debt has been resolved and/or addressed pursuant to RESPA.
(The complaint does not appear to assert a claim under RESPA.)  She
asserts that PNC has breached their agreement to review and resolve
her complaints, in contravention of the notice provisions of the
Texas Property Code § 51.002 and in violation of the Texas Fair
Debt Collection Practices Act.

    While this suit was pending in state court, Plaintiff obtained
a temporary restraining order against PNC (#1, Tab 3) from
proceeding with the foreclosure.

### Standard of Review

    Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading
that states a claim for relief must contain . . . a short and plain
statement of the claim showing that the pleader is entitled to
relief."  When a district court reviews a motion to dismiss
pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the
complaint in favor of the plaintiff and take all well-pleaded facts
as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763
(5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir.
2009).

    "While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, . . . a
plaintiff's obligation to provide the 'grounds' of his
'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause

of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the

plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th

Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected

the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. App'x 140, 143 (5ᵗʰ Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5ᵗʰ Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5ᵗʰ Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice. *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5ᵗʰ Cir. 1980).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5ᵗʰ Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

When a plaintiff's complaint fails to state a claim, the court

should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

### PNC's Motion to Dismiss (#12)

PNC argues for dismissal under Rule 12(b)(6) on the grounds that Plaintiff fails to state any facts in support of her claims, including that PNC breached any purported promise or agreement that it had with Plaintiff and that PNC failed to provide proper notice of foreclosure under the law.  Because PNC is not guilty of any wrongdoing, the Court should dismiss all of Plaintiff's claims

against PNC, pursuant to Rule 12(b)(6) for the following reasons:

> 1) Plaintiff's Complaint fails to state, as a matter of law, any facts in her Complaint to establish plausible legal claims against PNC, and the facts she does state do not demonstrate any wrongdoing on the part of PNC;
>
> 2) Plaintiff's Complaint fails to state any facts that show that PNC did not timely and properly notify Plaintiff about the foreclosure sale; and
>
> 3) Plaintiff's application for temporary injunction and claim for attorney's fees are without merit.

PNC argues that there is no recognized duty of good faith and fair dealing between ordinary contracting parties under Texas law. *English v. Fischer*, 660 S.W. 2d 521, 522 (Tex. 1983). For such a duty to arise there must be a special relationship between the parties. *Natividad v. Alexas, Inc.*, 875 S.W. 2d 695, 698 (Tex. 1994). A mortgagor-mortgagee, creditor-guarantor, and lender-borrower relationship does not give rise to such a special relationship. *FDIC v. Coleman*, 795 S.W. 2d 706, 709 (Tex. 1990). The petition asserts that Plaintiff is a mortgagor and borrower on the loan with PNC because of the Deed of Trust executed on May 2, 2007, while PNC is characterized as a lender. Thus PNC does not owe a duty of good faith and fair dealing because of the existence of a mortgage relationship, and Plaintiff does not allege any other facts that support a special relationship between Plaintiff and PNC that would give rise to a duty of good faith. *Coleman*, 795 S.W. 2d at 709; *Natividad*, 875 S.W. 2d at 698.

Next PNC contends that it did not breach the mortgage contract

-11-

(the May 2, 2007 Deed of Trust) "by not adhering to terms of the contract to stop all debt collection efforts including all of Plaintiff's complaints challenging the debt . . . have been resolved and/or addressed . . . per the RESPA clause of the contract." Plaintiff also alleges that PNC breached the Note and Deed of Trust to review and resolve these complaints.   The essential elements of a breach of contract under Texas law are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007), *quoting Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W. 3d 345, 351 (Tex. App.--Houston [1[st] Dist.] 2001, no pet.).   PNC argues that the petition fails to state sufficient facts to support any of these elements, but instead makes conclusory allegations about a breach and no allegations concerning damages.   It does not identify the "RESPA clause of the contract" that would obligate PNC to stop collecting on the note and enforcement of its lien under the Deed of Trust just because Plaintiff made an inquiry after she became delinquent on the note. In the absence of facts and legal authority to support her breach of contract claim, it should be dismissed.   The Court agrees as to elements 3 and 4 of the claim, damages, and the RESPA clause. Plaintiff's failure to respond to the motion leads the Court to

-12-

find granting leave to amend would not cure the problem.

Next PNC maintains that the Original Petition, devoid of facts and vaguely asserting that PNC violated the Texas Property Code Section 51.002 because of the RESPA inquiry and her alleged failure to receive proper notice of the foreclosure sale, itself shows that PNC did not violate the Texas Property Code.  Plaintiff does not identify what subsection of § 51.002 was violated, what notice requirements were violated or omitted by PNC.  The statement that "a foreclosure notice was apparently forwarded and posted on their house for foreclosure on Tuesday, March 1, 2011," contradicts the conclusory allegation that she did not receive proper notice of the sale.  In addition, Exhibit A to the petition, a letter dated November 3, 2010, well beyond the 21 days of notice required by Texas Property Code section 51.002, states, "Several months ago, we reached out to you with an opportunity to resolve your delinquent account.  Now it's even more delinquent and moving toward foreclosure."  It demonstrates that PNC informed Plaintiff of her default and gave her ample opportunity to cure such default. Though she claims that PNC failed to provide proper and adequate written notice, Plaintiff does not explain how or why the notice she received was not proper and adequate.  Thus her claim that PNC violated the statute cannot survive because of a conclusory, unsupported allegation that PNC did so.

PNC also challenges Plaintiff's wrongful foreclosure claim for

lack of factual support. To state a claim for wrongful foreclosure, Plaintiff must allege facts showing PNC's actions leading to (1) an irregularity in the foreclosure sale; (2) a grossly inadequate selling price; and (3) a causal connection between the irregularity and the grossly inadequate selling price. *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W. 2d 581, 587 (Tex. 1975); *Charter Nat'l Bank--Houston v. Stevens*, 781 S.W. 2d 368, 371 (Tex. App.--Houston [14th Dist.] 1989, writ denied). Furthermore because the Petition (¶ 7 and Ex. A) makes clear that Plaintiff was delinquent or in default on the mortgage note, there can be no dispute about PNC's entitlement to foreclosure under the terms of the note and deed of trust. Because Plaintiff filed suit and obtained a temporary restraining order, there is not, and cannot be, any claim of inadequate selling price for a property never sold.[4] There is no allegation that Plaintiff was dispossessed of the property by virtue of foreclosure, a requirement to recover damages for wrongful foreclosure. *Peterson v. Black*, 980 S.W. 2d 818, 823 (Tex. App.--San Antonio 1998, no pet.)("Recovery is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must

---

[4] This Court observes that a temporary restraining order is good for only fourteen days, Texas Rule of Civil Procedure 680, and that there is no indication in the record that it was extended or that a preliminary injunction was entered. Nor does the record indicate whether the property was ultimately sold in foreclosure.

have committed a wrong similar to the conversion of personal property. Where the mortgagor's possession is undisturbed, he has suffered no compensable damage."

So, too, does Plaintiff's conclusory claim under the Texas Fair Debt Collection Practices Act lack supporting factual allegations to show how Plaintiff was prevented from exercising her rights to dispute any discrepancies before acceleration of the mortgage note. PNC argues that the Petition and its attachments, including her attorney's affidavit (Exs. A and B), show that she did exercise her right to dispute the claimed discrepancy more than four months before the scheduled date of the foreclosure sale.

### Court's Decision

The Court fully agrees with PNC that as a matter of law Plaintiff has not and cannot state a claim against PNC for breach of duty of good faith and fair dealing, given their mortgage relationship. *Coleman*, 795 S.W. 2d at 709; *Natividad*, 875 S.W. 2d at 698.

As for the claims for breach of the mortgage contract, violation of the Texas Property Code section 51.002 based on failure to comply with notice provisions, wrongful foreclosure, and violation of the Texas Fair Debt Collection Practices Act, the Court agrees with PNC that Plaintiff has not alleged sufficient facts to support such claims. Moreover the Court is aware that the Petition filed in state court was subject to Texas' less stringent

notice pleading standards.  Unlike her claim for breach of duty of good faith, the Court cannot tell if, given an opportunity to amend, Plaintiff might be able to state claims for breach of contract, violation of section 51.002 of the Texas Property Code, wrongful foreclosure, and violation of the Texas Fair Debt Collection Practices Act.  Accordingly the Court

ORDERS that PNC's motion to dismiss Plaintiff's claim for breach of duty of good faith is GRANTED with prejudice.  The Court further

ORDERS that PNC's motion to dismiss the remaining claims for failure to identify relevant provisions of the statutes and to allege facts supporting the essential elements of these claims is GRANTED without prejudice, but that leave is GRANTED to Plaintiff to file, if she can, an amended complaint as to these claims, with requisite support, within twenty days of entry of this opinion and order.  If Plaintiff fails to amend, this case will be dismissed.

**SIGNED** at Houston, Texas, this  20th  day of  July , 2012.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE